AETNA INSURANCE COMPANY,
Libelant,

v.

The JOHN E. BERWIND,
Respondent.

The Porto Rico Lighterage Company,
Claimant.

No. 65.

United States District Court
D. Puerto Rico, San Juan Division.

Oct. 10, 1956.

See also D.C., 129 F.Supp. 578.

Fiddler, Gonzalez & Nido, Carlos J. Faure, San Juan, P. R., for libellant.

C. R. Hartzell, Rafael O. Fernandez, Vicente M. Ydrach, San Juan, P. R., for respondent and claimant.

RUIZ-NAZARIO, District Judge.

This is a suit in admiralty brought by libellant Aetna Insurance Company against the tug John E. Berwind and its owner and claimant the Porto Rico Lighterage Company, for $7,500 damages which it allegedly suffered on account of the sinking of barge No. A–4 of the Puerto Rico Drydock and Marine Terminals Inc. while being towed by the tug John E. Berwind on September 19, 1953 under a towage agreement between said

Puerto Rico Drydock and Marine Terminals Inc. and the claimant herein the Porto Rico Lighterage Company. Liability of the libelee and its owner and claimant is based on the alleged negligence of the tug John E. Berwind, her master, officers and crew in that barge No. A-4 "was towed at an excessive rate of speed under the circumstances and/or was caused to come into collision with some object or objects and/or from other negligent acts of the Master, officers and crew of said tug *which will be more fully shown at the trial of this cause*".

Libellant is suing as assignee and subrogee of the owners of the sunk barge which, at the time of its sinking, was covered by insurance against said risk, underwritten by said libellant in favor of said owners and to whom libellant paid the sum of $7,500 claimed herein as the alleged value of the aforesaid barge on account of the total loss thereof derived from said sinking.

Claimant the Porto Rico Lighterage Company filed exceptive allegations which, after hearing the parties both orally and by written memoranda, were denied by the court by its order of March 31, 1955 entered herein.

Claimant then answered the libel denying that the sinking of barge No. A4 was caused by the negligence of the master, officers and crew of its tug John E. Berwind in the manner alleged in the libel, or by any negligent acts of said master, officers and crew in any way whatsoever, and alleging other defenses not material here.

After an unsuccessful pre-trial conference (see Pre-trial Order of March 26, 1956), the case was tried by the Court on March 29 and April 2, 1956.

The case was submitted on briefs filed in due course by counsel for the parties, and the court, after due consideration of said briefs and of the pleadings and evidence of record and a detailed study of the law governing the issues, is now fully advised in the premises.

■ This action is not one *ex contractu* but *ex delicto*. Stevens v. The White City, 285 U.S. 195, 201, 52 S.Ct. 347, 76 L.Ed. 699.

■ It has been firmly established that towage is not bailment and that the tug is not an insurer of the tow. Stevens v. The White City, supra, 285 U.S. at page 200, 52 S.Ct. at page 349; The Margaret, 94 U.S. 494, 496, 497, 24 L.Ed. 146; The Anaconda, 4 Cir., 164 F.2d 224, 228; Southgate v. Eastern Transp. Co., 4 Cir., 21 F.2d 47, 49.

■ It is true that, notwithstanding the above rule, the courts have held that an "error of judgment" on the part of the Master of a tug which is engaged in towing operations *if unexplained* is sufficient to support a finding that the loss or damage to the tow was due to the negligence of said master and that in such situation the libellant is not required to prove as strong a case of negligence as in an ordinary negligence case. The reason for such a rule rests in the fact that the master of the tug has more access than the libellant to the actual facts which gave rise to the disaster and that the libellant, not being in person or by agent on board the tow or tug, has a very limited opportunity to know what in fact caused the disaster.

■ But this relaxation, or rather diminution, for the benefit of libellants, in admiralty cases like this, of the burden of proof which rests on all claimants in ordinary negligence cases, does not come into play until libellants establish, by competent evidence, that the master of the tug actually incurred an "error of judgment."

■■ Thus, in The Lizzie D. Shaw, 3 Cir., 47 F.2d 820, it was very aptly said in this respect:

"He (the Master) cannot be charged with negligence for entering the canal with a tow of this character unless he made a decision which nautical experience and good seamanship would condemn as inexpedient and unjustifiable at the time and under the circumstances. The Nannie Lamberton, 2 Cir., 85 F. 983;

The Eastern, 2 Cir., 280 F. 711, 713." At page 822—2d col.

"*What should the 'Shaw' have done* in the few minutes between sighting and hitting the stranded barges? *The libellants have not answered this question satisfactorily. To prevail they must answer it,* for this is the central phase of the controversy *and the burden of proving negligence*—the violation of some duty—*is upon those who seek to charge* the tug *with liability.* The Atlantic City (C.C.A.), 241 F. 62, 64. *The happening of the accident does not raise any presumption of negligence on the part of the tug.* She is not an insurer of the safety of the tow. Southgate v. Eastern Transp. Co., 4 Cir., 21 F.2d 47, 49; The Margaret, 94 U.S. 494, 497, 24 L.Ed. 146." At page 823, 1st and 2nd col.

"The Master of the 'Shaw' cannot be held at fault simply because of the disaster. The Garden City, 6 Cir., 127 F. 298, 300; The Eastern, 2 Cir., 280 F. 711, 713. The fault, if any, must be found in his judgment; and his judgment must be appraised in the light of the circumstances, including the condition of the barge and *what measures could feasibly be taken* for her safety; and the circumstances *must show, on the libellants' affirmative proof of negligence,* what the *Master should have done and that he failed to do it."* At page 825, first col.

"*No one, qualified in nautical matters, testified that his judgment was bad.* There is testimony that his judgment was good. On the evidence, the libellants have failed to prove negligence." At page 825, first col. (Emphasis supplied.)

See also The Imoan, 2 Cir., 67 F. 2d 603, at page 605, first col.

The situation resulting from the evidence in this action is precisely that discussed in the quotation from The Lizzie D. Shaw, supra.

Libellant limited itself to offer testimony as to the occurrence of the accident, calling to the stand for that purpose, witness Carmelo Lartigue, who was the Master of The John E. Berwind when the accident took place.

He testified at length respecting all that happened and all that he did or did not do. He gave his reasons for what he did and explained why he did not act in any other way.

Then libellant offered the testimony of witness Anderson to show the condition of the barge when it was taken in towage by The John E. Berwind.

Its third and last witness was Francis B. Crocco, who also testified about the condition of the barge and its value at the time of the accident.

No testimony whatsoever was produced by the libellant to prove:

(a) That Master Lartigue's judgment and decision as to what he had to do or not do under the circumstances was erroneous according to nautical experience and good seamanship.

(b) What were the adequate and expedient steps to be taken at the time and under the circumstances to avoid damage to the barge or save it from total loss, according to nautical experience and good seamanship.

(c) That the Master did not act with reasonable skill and care and in the exercise of the reasonable discretion of experienced navigators.

(d) What he should have done and failed to do.

No one, whether qualified in nautical matters or not, testified that Master Lartigue's judgment was bad.

Moreover, the claimant produced the testimony of John A. Potts, who appears to be eminently qualified, by his long experience, in nautical matters, and who testified that Captain Lartigue's judgment was good, under the circumstances which prevailed at the time of the accident.

In view of what has been said and the cases cited above, I must conclude

that the libellant has failed to prove negligence and that its libel must be dismissed.

It is so ordered.

Claimant's counsel shall submit and notify with copy to libellant's counsel, within a period of fifteen days from the date they are served with copy of this order, proposed findings of fact, conclusions of law and form of judgment on the basis of this order. Counsel for libellant shall have a period of 15 days, from the date they are served with copy of said proposed findings, conclusions and judgment, to submit amendments or objections thereto.