### CALVERT DISTILLERS CORP. v. ROSEN et al.
### No. 53 C 381.

United States District Court
N. D. Illinois, E. D.
June 30, 1953.

Mayer, Meyer, Austrian & Platt, Chicago, Ill., for plaintiff.

Schwartz & Cooper, Chicago, Ill., for defendants.

LA BUY, District Judge.

The complaint herein is brought to enjoin defendants from selling products of the plaintiff at less than the prices established by fair trade contracts entered into by the plaintiff with distributors and retailers in the State of Illinois, and to recover the costs of this suit. Jurisdiction is premised on alleged diversity of citizenship and presence of requisite jurisdictional amount.

The defendant, Awon Liquor Store, Inc., has filed its motion to dismiss the complaint for the reason (1) the three defendants in this action are separate and independent, there is no allegation that there is any concert of action between them, and the jurisdictional amount must be present as to each de-

fendant; that the sales of this defendant of which plaintiff complains were made on December 16, 1952 and February 5, 1953 when one-fifth of Calvert Reserve was sold for $3.90 and $3.89, respectively, whereas the fair trade price was $4.25; and (2) the adherence to the price schedules of the plaintiff constitutes a violation of the Sherman Antitrust Act, 15 U.S.C.A. § 1 et seq., and the Miller-Tydings Act, 15 U.S.C.A. § 45 et seq. This latter point has not been urged by the defendants and the sole issue is whether or not jurisdictional amount is present in the instant suit.

The complaint herein proceeds against these defendants for their separate and individual violations at different times of prices set by fair trade contracts. It does not purport to proceed on the theory of a concert of action. Sanction for this type of joinder is found in Rule 20(a), Fed.Rule Civ.Proc., 28 U.S.C.A. No claim is made by defendants that there is a misjoinder of parties defendant in this case, and under the allegations of the complaint and Rule 20(a), the joinder is proper.

■ However, where separate and distinct claims against separate individuals are joined under Rule 20, the jurisdictional amount must be present as to each defendant, and the claims cannot be aggregated to make up the jurisdictional amount. Clay v. Field, 1890, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044; Fechheimer Bros. v. Barnwasser, 5 Cir., 1945, 146 F.2d 974. The presence of jurisdictional amount in injunction suits is the value of the right to be protected. Glenwood Light, etc. Co. v. Mutual Light etc. Co., 1915, 239 U.S. 121, 127, 36 S.Ct. 30, 60 L.Ed. 174. It is not the extent of the monetary loss or damage which has been suffered or is threatened by invasion. In Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 1936, 299 U.S. 183, 193, 57 S.Ct. 139, 144, 81 L.Ed. 109, the court said regarding the Fair Trade Act of Illinois:

"The primary aim of the law is to protect the property—namely, the good will—of the producer, which he still owns."

See also Caron Corp. v. Wolf Drug Co., D.C., 1941, 40 F.Supp. 103.

■ The measure of jurisdictional amount in the instant case, therefore, is not the difference between the fair trade price and the sale price which defendants collected, but the value of the property right the plaintiff possesses in the good will of its product. The complaint sets forth in paragraph 4 thereof the expenditure of monies by the plaintiff to establish that good will through advertising. To preserve that good will the fair trade contracts were made. From the allegations of the complaint, therefore, the court is of the opinion that it sufficiently alleges the presence of the requisite jurisdictional amount.

The defendant's motion to dismiss the complaint for lack of jurisdictional amount is overruled. An order in accord therewith has this day been entered.