Ethel Lee **WHITFORD**, Plaintiff,

v.

**BOSTON INSURANCE COMPANY**, a corporation, Great American Insurance Company, a corporation, Standard Fire Insurance Company of New Jersey, a corporation, and The Home Insurance Company, a corporation, Defendants.

Civ. No. 3938.

United States District Court
E. D. Illinois.

April 7, 1958.

Goldenhersh & Goldenhersh, East St. Louis, Ill., for plaintiff.

Oehmke, Dunham & Boman, East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

This case was instituted by the plaintiff in the Circuit Court of St. Clair County, Illinois, to recover from the four named defendants on several insurance policies issued by the respective defendants to the plaintiff and William L. Whitford for alleged fire damage to property mentioned in the policies.

The defendants removed the cause to this court alleging diversity of citizenship as a grounds for removal.

The plaintiff filed her motion to remand the cause to the Circuit Court of St. Clair County, Illinois, alleging that the requisite jurisdictional amount necessary to give this court jurisdiction in a diversity case is not present.

The complaint contains four counts. In Count I the plaintiff alleges that the defendant Great American Insurance Company New York issued a policy in the amount of $5,000 to the plaintiff and William L. Whitford covering their improvements on certain named premises; that this defendant also issued a policy in the amount of $1,000, to the plaintiff and William L. Whitford, covering office fixtures and supplies located at the same address; that the insured premises were destroyed by fire; that the plaintiff has an undivided one-half interest in the premises and the above mentioned office fixtures and supplies; that the plaintiff prays judgment against the defendant named in this count in the amount of $3,000 plus court costs.

In Count II the plaintiff asks judgment against the defendant Home Insurance Company in the amount of $2,500. This count is based on two fire insurance policies issued by the defendant named in this count covering improvements on premises located at 1716 Missouri Avenue, East St. Louis, Illinois, in the amount of $3,000 and a fire policy in the amount of $2,000 covering the household contents located at the same address which were allegedly destroyed by fire and to which plaintiff claims an undivided one-half interest.

In Count III the plaintiff alleges damages in the amount of $2,500 against the defendant Standard Fire Insurance Company of New Jersey. As a basis for this claim the plaintiff alleges that the defendant named in this count issued a fire insurance policy in the amount of $5,000 to the plaintiff and William L. Whitford covering improvements on premises located at 1716 Missouri Avenue, East St. Louis, Illinois; that the insured premises were destroyed by fire and that the plaintiff has an undivided one-half interest in said premises.

In Count IV. the plaintiff prays damages in the amount of $2,000 against the defendant Boston Insurance Company. As a basis for this claim the plaintiff alleges that the defendant named in this count issued a fire insurance policy in the amount of $2,000 to the plaintiff and William L. Whitford covering improvements on premises located at 1716 Missouri Avenue, East St. Louis; that the insured premises were destroyed by fire and that the plaintiff has an undivided one-half interest in said premises.

■ Each count of the complaint charges a different defendant on a completely different cause of action than stated in the other counts of the complaint. The amount alleged against each defendant in no case exceeds the amount of $3,000, exclusive of interest and costs.

■ This court cannot acquire jurisdiction of a diversity of citizenship case unless it is shown that the amount in controversy exceeds the amount of $3,000, exclusive of interest and costs.

Where the amount in controversy is exactly $3,000, the jurisdictional amount is not involved to give the Federal Court jurisdiction. By the express term of the statute, 28 U.S.C.A. § 1332, the amount in controversy, exclusive of interest and costs, must exceed the sum of $3,000. McKinzie v. Springfield City Water Co., D.C., 144 F.Supp. 649.

■ The pro rata liability of the insurance companies involved herein is several and not joint. Liability on all the policies may have arisen from one fire and the total loss may exceed the requisite jurisdictional amount as to all of the insurance companies, yet this court does not have jurisdiction of the subject matter since the requisite jurisdictional sum is not shown to be present. Where pro rata liability of insurance companies under fire policies is several and not joint, that such liability arose from one fire loss, in an amount exceeding the requisite jurisdictional sum is immaterial. This court does not have jurisdiction of the subject matter of any policy, the face value of which is less than the requisite Federal jurisdictional sum. Hager v. Hanover Fire Insurance Company of New York, D.C., 64 F.Supp. 949. A plaintiff cannot invoke Federal jurisdiction where the requisite jurisdictional amount must be obtained by

joining in one action separate claims against two or more defendants. Walter v. Northeastern R. Co., 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206.

Jurisdiction cannot be conferred on a Federal District Court by joining in one action, against distinct defendants, claims, none of which meet the requisite jurisdictional amount. Fechheimer Bros. Co. v. Barnwasser, 6 Cir., 146 F. 2d 974.

Since it appears that this court does not have jurisdiction to hear the cause the same will be remanded to the Circuit Court of St. Clair County, Illinois.