Paul OIKARINEN, Appellant,

v.

ALEXIAN BROTHERS, a Corporation of
the State of New Jersey.

Paul OIKARINEN, Appellant,

v.

Joseph A. PICCOLELLA.

Nos. 14966, 14967.

United States Court of Appeals
Third Circuit.

Argued Jan. 22, 1965.

Decided March 3, 1965.

Barry M. Epstein, Reibel, Isaac &
Tannenbaum, Elizabeth, N. J. (Stanley
Tannenbaum, Elizabeth, N. J., of counsel,
on the brief), for plaintiff-appellant.

Daniel K. Van Dorn, Mead, Gleeson,
Hansen & Pantages, Newark, N. J., for
Alexian Bros., appellee.

No counsel and no brief for Joseph A.
Piccolella, appellee.

Before McLAUGHLIN, FORMAN and
GANEY, Circuit Judges.

PER CURIAM.

Both these suits are based on diversity
of citizenship. In the first, No. 14966,
the defendant is a New Jersey non profit
corporation organized exclusively for
hospital purposes. The claim against it
is for alleged negligence in connection
with personal injuries sustained by plaintiff
while a patient in defendant's hospital.

Admittedly the provisions of New
Jersey Statute 2A:53A–7, 8, N.J.S.A.
limiting liability for negligence to $10,-
000 in the type of action before us, applies
to the defendant. It is further
necessarily conceded in this court that as
a consequence, the matter in controversy
does not exceed "the sum or value of
$10,000, exclusive of interest and costs."
28 U.S.C.A. § 1332(a) and therefore that
the district court did not have jurisdiction
of the cause.

In that situation appellant, in the district
court, moved to add the corporate
defendant in his first suit as a party
defendant in No. 14967. In the latter,
it is alleged that Joseph A. Piccolella
the defendant, was employed at the hospital
while plaintiff was there as a patient
and that plaintiff injured himself "by
reason of the negligence of the defendant."
In denying this motion Judge
Shaw in the district court correctly held
that "The only thing that brings these
cases together is an order to consolidate
for the purpose of trial. In every other
respect each action stands as a separate
action."

The summary judgment in the district court in favor of the defendant and against the plaintiff in No. 14966 will be affirmed.

The order of the district court in No. 14967 denying the motion of plaintiff to add Alexian Brothers, a corporation of the State of New Jersey, as a party defendant in this cause will be affirmed.