**UNITED BONDING INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**R. Tinsley PARKE as Executive Director of the Land Clearance for Redevelopment Authority of University City 30, Mo., et al., Defendants.**

No. 68 C 308(1).

United States District Court
E. D. Missouri, E. D.

Nov. 15, 1968.

& Davidson, St. Louis, Mo., Klutho & Cody, St. Louis, Mo., Friedman, Lawson & Burns, Clayton, Mo., Barnard, Timm & McDaniel, St. Louis, Mo., Frederick E. Hines, St. Louis, Mo., Vernon T. Kelly, Kroenig & Kelly, Clayton, Mo., Flynn, Parker & Badaracco, St. Louis, Mo., Urban C. Bergbauer, Ironton, Mo., Frank T. Farin, St. Louis, Mo., Harold Kaminsky, University City, Mo., Samuel Raban, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is now before the court on the joint motion of the defendants, Hintz and Alco Construction & Wrecking Company, to dismiss this action for want of jurisdiction.

From the plaintiff's complaint it appears that the plaintiff issued a performance and payment bond in the amount of $41,622.00 to the defendant, Charles Hintz, to bond his work under a contract with the Land Clearance Redevelopment Authority for University City, Missouri. Said contract called for the demolition of certain structures and clearance of the sites.

In this action the plaintiff has asserted jurisdiction on the basis of diversity of citizenship and jurisdictional amount in accordance with the provisions of 28 U.S.C.A. § 1332.

The defendants' joint motion is based upon the premise that in fact there is not a sufficient amount in controversy to allow this court to assume jurisdiction under 28 U.S.C.A. § 1332. In this motion, these defendants have now admitted that they owe certain amounts to certain of the other defendants and attempt thereby to reduce the total sum alleged by the plaintiff to be in controversy below the required jurisdictional amount. The court calls their attention to In the Matter of Reisenberg, 208 U.S. 90, 28 S.Ct. 219, 52 L.Ed. 403 (1908) and to Section 36 of Wright, Federal Courts (1963 Ed.). Under the rule of law therein stated, a party cannot by

Francis L. Kenney, Jr., Bernard A. Reinert, Kenney, Reinert & Hespen, St. Louis, Mo., for United Bonding Ins. Co.

Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., Harry J. Nichols, St. Louis, Mo., Rooney, Webbe

admitting partial or total liability deprive this court of jurisdiction.

■■ However, this court finds that it is without jurisdiction to entertain this action for a different reason. 28 U.S.C.A. § 1332 requires that the amount in controversy be $10,000.00, exclusive of interest and costs. In reaching this jurisdictional amount, the general rule, developed by the federal courts, is that it is improper to aggregate the claims of a single plaintiff against several distinct defendants. The major exception to this rule being that where the purported liability of the defendants is joint or several, such aggregation is proper. See, Wright, Federal Courts, Section 36 (1963 Ed.); Moore, Federal Practice, paragraph 0.97(2) (1964 Ed.); Barron & Holtzoff, Section 24, at note 56 (Wright Ed.), and the many cases cited therein.

■ It is quite clear from a careful analysis of the complaint that the plaintiff has in this instance aggregated the distinct and several claims it has or it alleges to exist against it. Their claims do not come within the exception to the general rule as outlined above. Plaintiff's cases in opposition to this motion are clearly distinguishable and do not convince the court. In the opinion of this court such aggregation is improper in this instance. Paragraphs 1 and 2 of the complaint set out the citizenship of the parties. Paragraph 3 states in general terms the jurisdictional amount of $10,000.00. However, the broad generality of this paragraph is overridden by the particular and specific allegations of paragraphs 6, 7 and 8, wherein the plaintiff sets forth its claims with detail. Paragraph 6 pleads that certain subcontractors have claims against the defendants Hintz and Alco. None of these claims alone is sufficient. Further, although they arise out of the same general dealings, they are clearly several and not joint. Paragraph 7 sets forth further supposed claims based on alleged negligence, of which claims none are sufficient alone, and which rather clearly are several and which even when aggregated do not reach the required amount. Paragraph 8 contains the only mention of a single sum which is above the jurisdictional amount. Here it is alleged that the defendant Parke holds some $11,000.00 which constitutes the balance due under the contract heretofore mentioned. First, it is amply apparent from a reading of the complaint that the plaintiff has no interest in recovering that sum alleged. Paragraph 8 reveals that Parke holds the sum and claims offsets against the sum held in the amount of $1,705.00, "all of which this plaintiff disputes." Thus, as to this particular sum, plaintiff first has no interest therein as it is not entitled nor does it claim to be entitled to any part of it. By the greatest stretch of imagination, the only amount which can be said to be a sum "in controversy" is $1,705.00. This, of course, is not a sufficient sum. Therefore, although Paragraph 8 mentions a sufficient sum of money, it also makes it clear that the sum mentioned is not an amount in controversy so as to make it available to satisfy the required jurisdictional amount, and further the plaintiff does not seek to recover this money or any part of it.

■ The complaint further reveals that all requested relief is based upon the aggregations of the amounts contained within Paragraphs 6, 7 and 8. Since these same paragraphs reveal that the claims involved are several and are not of the type which can be properly aggregated, the complaint does not fall within any of the exceptions to the stated rule and must be dismissed for want of jurisdiction.

The clerk of the court will enter the proper order dismissing this action without prejudice for want of jurisdiction.