**E. C. CATES, Appellant (Defendant),**

v.

**Ken BARB, Appellee (Plaintiff).**

**No. 5689.**

Supreme Court of Wyoming.

Sept. 8, 1982.

David E. Westling, Winship & Feeney, P.C., Casper, signed the brief and appeared in oral argument on behalf of appellant.

David G. Lewis and Mark W. Gifford, Brown, Drew, Apostolos, Massey & Sullivan, Casper, signed the brief on behalf of appellee; Gifford appeared in oral argument.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

In a slander of title action, the trial judge, following trial without a jury, awarded Ken Barb, appellee, $5,000 punitive damages but no actual damages against E. C. Cates, appellant. The issue is whether punitive damages can be granted in the absence of actual damages.

We will reverse the award of punitive damages.

Appellee purchased and subdivided into 10-acre lots, 1,440 acres of land in Converse County, located two and one-half miles from Bill, Wyoming. The subdivision was designated Kenbar Estates. Appellant, a real estate broker, and appellee entered into a listing agreement whereby appellant was to receive a 10% purchase price commission for lots sold. Appellant testified that he placed the Declaration of Interest on record as a device to collect unpaid commissions without going into court. The record discloses that, while appellee testified that he lost at least two sales because of the cloud on title, he established no damage as a result.

Appellee brought action in the district court seeking removal of the acknowledged instrument entitled "Declaration of Interest" recorded in the office of the Converse County clerk from the public record. It read in pertinent part:

"COMES NOW E. C. CATES, and by this instrument hereby declares and shows his interest as hereinafter described relating to the real property described below. "That the said E. C. Cates has an interest in the amount of approximately $200,000.00 plus reasonable interest and attorney fees for interest earned from Real Estate transactions and services. These properties are owned by KENBAR ESTATES.

"Kenbar Estates, a subdivision of the SW ¼, Section 10 and W ½, Section 15, Township 37 North, Range 70 West, Converse County, Wyoming."

Appellant counterclaimed for unpaid commissions due for sale of lots in Kenbar Estates owned by appellee.

The court's findings of fact and judgment read, in pertinent part:

"1. That the 'Declaration of Interest' filed by the defendant E. C. Cates constitutes a slander of plaintiff's title and the same is of no force and effect and the same should be removed as a cloud upon plaintiff's title;

"2. That the plaintiff has failed to prove special damages sufficient to enable the Court [to] render a Judgement [sic] therefore [sic];

"3. That the 'Declaration of Interest' as filed suggested a monetary obligation far in excess of any contemplated commission for the sale of said property;

"4. That the defendant was advised and offered the opportunity to remove the cloud on plaintiff's title but refused to do so or seek legal advise [sic] as to the validity of the 'Declaration of Interest';

"5. That the actions on the part of the defendant were willful and wanton and plaintiff is entitled to punitive damages in the amount of $5,000.00;

\*    \*    \*    \*    \*    \*

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

"1. That defendant shall immediately upon execution of this Judgment remove and release the 'Declaration of Interest' filed by him against the property of plaintiff in Converse County, Wyoming, so that the same no longer constitutes a cloud or in any way evidence as a debt in the chain of title of plaintiff.

"2. That defendant shall pay to plaintiff as and for punitive damages the sum of $5,000.00." [1]

Our examination of the testimony and exhibits constrains us to agree with the trial judge that there is no basis upon which damages in any money amount may be computed. Damages must be susceptible of ascertainment with a reasonable degree of certainty. *Chrysler Corporation v. Todorovich,* Wyo., 580 P.2d 1123 (1978); *Wheat-*

land *Irrigation District v. McGuire,* Wyo., 562 P.2d 287 (1977). In order to sustain an action for disparagement of another's property or title, it is necessary to show damages. *Diefenderfer v. Totman,* 73 Wyo. 409, 280 P.2d 284 (1955), followed in *Brennan v. Laramie Newspapers, Inc.,* Wyo., 493 P.2d 1044 (1972). See also, Restatement, Torts 2d §§ 624–632, comment b; § 632 explicitly requires precuniary loss in order to complete the cause of action.

If a plaintiff is not entitled to actual damages, he is not entitled to punitive damages. *Waters v. Brand,* Wyo., 497 P.2d 875 (1972). If a plaintiff has failed to prove his basic cause of action, there is no separate cause of action for exemplary damages alone. 22 Am. Jur. 2d § 241. Without a finding of compensatory damages, there is no cause of action at all and nothing to support the award. Prosser, Law of Torts § 2, p. 14 (4th ed. 1971); Instruction 4.06, Wyoming Civil Pattern Jury Instructions.

Appellee asserts that failure by a party to object or except to a defective judgment constitutes a waiver of such defect. There is no merit to this contention. We are unaware of such a rule in Wyoming. An appeal from a final judgment may be taken as a matter of right if the notice of appeal is filed within fifteen days from entry of judgment. Rule 2.01, W.R.A.P. Appellee's argument is too perfunctory and accompanied by insufficient authority, so we will not pursue the matter. *Merritt v. McIntyre and McIntyre Garden Center,* Wyo., 613 P.2d 206 (1980).

Reversed as to the award of punitive damages and remanded with directions to delete that part of the judgment.

---

1. Omitted parts of findings and judgment dealt with and required appellee to settle with appellant for unpaid commissions due.