Elaine HATCHER, General Administratrix and Administratrix Ad Prosequendum of the Estate of Andre P. Hatcher, Deceased, Plaintiff,

v.

EMERGENCY MEDICAL SPECIALTY SERVICES, INC., a Corporation of the Commonwealth of Pennsylvania, Richard S. Latta, D.O., G.E. Engstrom, Jr., M.D., and Burdette Tomlin Memorial Hospital, Defendants.

Civ. A. No. 86–1307.

United States District Court, D. New Jersey.

Sept. 29, 1986.

Eisenstat, Gabage & Berman by Gerald M. Eisenstat, Vineland, N.J., for plaintiff.

Grossman & Kruttschnitt by Richard A. Grossman, Toms River, N.J., for defendants Emergency Medical Specialty Services, Inc., Richard S. Latta, D.O., and G.E. Engstrom, Jr., M.D.

Horn, Kaplan, Goldberg, Gorny & Daniels by Joel A. Greenberg, Atlantic City, N.J., for defendant Burdette Tomlin Memorial Hosp.

GERRY, District Judge.

This is a diversity action brought by plaintiff Elaine Hatcher, as General Administratrix and Administratrix Ad Prosequendum of the Estate of Andre P. Hatcher, to recover for allegedly negligent care given the decedent in the Emergency Room of defendant Burdette Tomlin Memorial Hospital. Hatcher seeks to recover damages in excess of $10,000 from defendants Emergency Medical Specialty Services, Inc., Richard S. Latta, D.O., G.E. Engstrom, Jr., M.D., and Burdette Tomlin Memorial Hospital for decedent's wrongful death.

Plaintiff Hatcher complaints that the decedent, her son Andre, was admitted to Burdette Tomlin Memorial's Emergency Room, presenting disorientation and inability to walk. She claims that defendant Dr. Latta examined Andre and was negligent in failing to diagnose or treat Andre's condition properly. She further claims that Dr. Latta's negligence reduced significantly the chance that Andre's condition could be treated successfully.

Defendant Emergency Medical Specialty Service, Inc., (EMSS) was reputedly under contract to provide emergency room services at Burdette Tomlin Memorial; Hatcher contends that Dr. Latta worked for EMSS, that EMSS is therefore liable for Dr. Latta's conduct, that EMSS was negligent in failing to screen, train and supervise Dr. Latta properly. Defendant Engstrom was reputedly Director of the Emergency De-

partment at Burdette Tomlin Memorial; Hatcher contends that Dr. Engstrom failed to train, monitor, evaluate or supervise Dr. Latta properly. Finally, Hatcher contends that both Drs. Latta and Engstrom were acting as agents of defendant Burdette Tomlin Memorial Hospital.

This case is presently before the court on a motion by defendant Burdette Tomlin Memorial Hospital to dismiss for lack of subject matter jurisdiction. Plaintiff asserted jurisdiction under 28 U.S.C. § 1332(a), alleging diversity of citizenship and the requisite amount in controversy. Defendant does not contest diversity of citizenship but argues that its liability, as a non-profit hospital, is limited by New Jersey law to $10,000. N.J.S.A. 2A:53A–8. Defendant contends that, as the statute conferring jurisdiction, 28 U.S.C. § 1332(a) (1986), requires a matter in controversy in excess of $10,000, no jurisdiction can be had over plaintiff's claim as against this defendant.

Plaintiff Hatcher argues in response that her claim as against Burdette Tomlin Memorial can be aggregated with her claims as against the other defendants EMSS and the two physicians, in order to reach the jurisdictional amount in controversy. She would have this court allow aggregation on the theory that her claims are so interrelated as to constitute a single cause of action. *Jacobson v. Atlantic City Hospital,* 392 F.2d 149 (3d Cir.1968).

The question before this court, then, is one of "pendent party" jurisdiction; whether a strong correlation between plaintiff's federal and non-federal claims is sufficient to bring a non-federal defendant within the ambit of the district court's jurisdiction when the requisite amount in controversy is lacking as to that defendant.

■ Analysis of "pendent party" jurisdiction, like that of pendent or ancillary jurisdiction, requires consideration of the tension between constitutional and statutory limitations on federal jurisdiction, on the one hand, and a desire to dispose of multiple claims efficiently in a single proceeding, on the other. *See Ambromovage v. United Mine Workers,* 726 F.2d 972, 989 (3d Cir.1984). Attempting a resolution of this conflict, the Third Circuit and the District of New Jersey have adopted a three-tiered analysis of subject matter jurisdiction. *Ambromovage,* 726 F.2d at 989; *Grodjeski v. Township of Plainsboro,* 577 F.Supp. 67 (D.N.J.1983). First, the court must determine that it has constitutional power under Article III to exercise jurisdiction. Second, it must determine that Congress has neither expressly nor impliedly negated the existence of jurisdiction in its statutes conferring jurisdiction. Third, it must decide that, as a matter of discretion, jurisdiction should be exercised. *Grodjeski,* 577 F.Supp. at 69. Failure on any tier leaves the district court without jurisdiction.

■ The first tier of analysis requires that the court have Article III power to hear the claim. For the court to have power under Article III to adjudicate the claims in question, plaintiff's state and federal claims must derive from "a common nucleus of operative fact," such that plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). This criterion was developed in *Gibbs* in the context of pendent jurisdiction, where the parties already before the district court sought to add a state-law question to their federal case. The Third Circuit extended the *Gibbs* test to an instance of "pendent party" jurisdiction, allowing appendage of an independent defendant rather than that of an issue. *Jacobson v. Atlantic City Hospital,* 392 F.2d 149 (3d Cir.1968). The factual background of *Jacobson* is nearly identical to that of this suit; plaintiff, as executor of decedent's estate, brought a diversity action against both attending physicians and a New Jersey charity hospital for decedent's wrongful death. The Third Circuit held that, while the hospital's liability was limited to $10,000, jurisdiction over the hospital was nevertheless proper because the claims against the hospital and against at least one physician were so interrelated as to

constitute a single action. *Jacobson*, 392 F.2d at 153.

█ The strong resemblance Hatcher's claim bears to the *Jacobson* case does not, however, end this court's analysis. Since the *Jacobson* decision, a second tier has been added to the test for jurisdiction, and this second tier is critical to the instant case. The Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), undermined the validity of extending the *Gibbs* criterion to "pendent parties." The plaintiff in *Aldinger* brought suit under the Civil Rights Act, 42 U.S.C. § 1983, and under state law against Spokane County and named county commissioners and employees. Pendent jurisdiction was asserted over the state-law claims. The district court dismissed the claims against Spokane County, holding first that it was not a suable "person" under § 1983, and second that, without an independent basis of federal jurisdiction, the court could not adjudicate the state law claims against the county. The Supreme Court agreed, observing that the addition of a defendant, on the basis of a state-law claim over which no independent basis of jurisdiction exists, differs both factually and legally from the addition of a state-law question to an action between parties already properly before the federal court. *Aldinger*, 427 U.S. at 14, 96 S.Ct. at 2420. The legal distinction is that while congressional silence permits the court to exercise pendent jurisdiction under Article III's general language, as in *Gibbs*, exercise of "pendent party" jurisdiction requires further consideration of congressional intent. *See Aldinger*, 427 U.S. at 15, 96 S.Ct. at 2420. Prior to exercising "pendent party" jurisdiction, "a federal court must satisfy itself not only that Article III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence." *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422.

While language in *Aldinger* limits its holding to "pendent party" jurisdiction with respect to a claim brought under [28 U.S.C. § 1343(3) and 42 U.S.C. § 1983], *Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422, a narrow reading is not necessarily justified. *National Insurance Underwriters v. Piper Aircraft*, 595 F.2d 546, 548 (10th Cir. 1979). The Court itself subsequently extended *Aldinger*'s second-tier analysis to the diversity statute, noting that "Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. For the jurisdiction of the federal courts is limited not only by the provisions of Article III of the Constitution, but also by Acts of Congress." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

In both *Owen Equipment* and the instant case, the statute conferring jurisdiction is 28 U.S.C. § 1332(a), which requires both complete diversity of citizenship and an amount in controversy in excess of $10,-000. The plaintiff, Kroger, in *Owen Equipment* brought a diversity action for wrongful death against a diverse defendant, Omaha Public Power District. Defendant then filed a third-party complaint against Owen Equipment, and plaintiff Kroger amended her complaint to include a state-law claim against Owen Equipment. At trial, it was discovered that no diversity of citizenship existed between defendant Owen Equipment and plaintiff Kroger; the Supreme Court held that the district court lacked jurisdiction in the absence of complete diversity. The Court, in *Owen Equipment*, applied the statutory requirement of complete diversity strictly, reading congressional intent from the fact that repeated emendations to the diversity statute have left the complete diversity rule intact. 437 U.S. at 373, 373 n. 13, 98 S.Ct. at 2402, n. 13.

The statutory requirement of a minimum amount in controversy deserves the same rigidity of construction accorded the requirement of complete diversity. *National Insurance v. Piper*, 595 F.2d at 550. Just as diversity is required between each plaintiff and each defendant, so too is a claim in excess of $10,000 required between each

plaintiff and each defendant. *See Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (dismissing actions of class members having claims of under $10,000). Further, while successive reenactments of the diversity statute have raised the dollar figure required for federal jurisdiction, the fact that Congress has consistently required amount in controversy minima cannot pass unnoticed. This legislative history clearly indicates a congressional intent which may not be contravened here.

A contrary congressional mandate might be inferred from a grant of exclusive jurisdiction to the federal courts, such as the Federal Tort Claims Act, 28 U.S.C. § 1346, where denial of jurisdiction over the nonfederal claims would force plaintiff to pursue redundant remedies simultaneously in two fora. *See Dumansky v. United States*, 486 F.Supp. 1078, 1088 (D.N.J. 1980); *see also Aldinger*, 427 U.S. at 18, 96 S.Ct. at 2422. Here, however, plaintiff's claims can be heard as a single action in the New Jersey state courts; concurrent jurisdiction in the state courts removes any impetus to extension of jurisdiction beyond the congressionally set limit.

Thus, even assuming, *arguendo*, that the criterion of *Gibbs* and *Jacobson* is satisfied, that is, plaintiff's claims against Burdette Tomlin Memorial and her claims against the other defendants derive from a common nucleus of operative fact, the statutory requirement of an amount in controversy in excess of $10,000 leaves the district court without jurisdiction.

For these reasons, the motion of Burdette Tomlin Memorial Hospital to dismiss the claim against it for want of subject matter jurisdiction is granted. The accompanying order will be entered.