Everett Earl DAULTON, Appellant (Defendant),

v.

Patricia Benson DAULTON, Appellee (Plaintiff).

No. 88–277.

Supreme Court of Wyoming.

May 26, 1989.

Robert B. Carroll, Cheyenne, for appellant.

Paul Kapp of Godfrey, Sundahl & Jorgenson, Cheyenne, for appellee.

Before CARDINE, C.J., THOMAS, MACY, and GOLDEN, JJ., and SPANGLER, D.J.

SPANGLER, District Judge.

This case was commenced by appellee Patricia Daulton suing for collection of back child support based upon a separation agreement filed in a North Carolina divorce. Appellant Everett Daulton counterclaimed, alleging that the agreement was invalid and asking that he be awarded child custody and support. Appellee filed requests for admissions, including an admission as to the validity of the separation agreement. Appellant failed to respond within the time allowed by W.R.C.P. 36(a). Appellee filed a motion for summary judgment as to the validity of the agreement. The motion was granted. The case then proceeded to trial on the question of back child support. This appeal is from the judgment against appellant for $2,894.34 back child support plus attorney's fees and from the denial of the counterclaim.

We affirm.

Appellant frames the issues as follows:

I. Did the trial court err in granting partial summary judgment based on request for admissions not being timely answered and opposing affidavits not being filed?

II. Did the trial court err in bifurcating the complaint and counterclaim, and retaining jurisdiction after determining the complaint was for recovery on a contract in an amount under seven thousand dollars ($7,000.00)?

III. Did the trial court err as a matter of law in finding that the separation agreement was a valid contract based solely on the failure of a non-resident party to timely answer request for admissions?

■ We will address issues I and III together. Appellant presents various arguments challenging the summary judgment procedure, explaining why the answers to the requests for admissions were not filed in time and attacking the validity of the separation agreement. All of this is beside the point. The summary judgment ruling was not necessary. When appellant failed, without just reason, to respond in a timely manner to the requests for admissions, the validity of the agreement was admitted. W.R.C.P. 36(a).

■ Appellant also challenges the jurisdiction of the trial court because the original claim by appellee was for less than $7,000. Wyo.Stat. § 5–5–131 (1977) places exclusive jurisdiction in the county court when the prayer for relief does not exceed $7,000. However, the initial complaint in this case raised and prayed for more than recovery of a contract debt. In the second paragraph of the complaint, appellee asserts that the agreement grants her custody of the children. In her prayer for relief, she specifically requests the district court to grant her specific performance of all the terms in the separation agreement. Taking these portions of the complaint together, and reading the complaint liberally as a notice pleading, we conclude that appellee's complaint raised issues of child custody under Wyo.Stat. § 20–5–104 (1977). Doing so gave the district court subject matter jurisdiction over the initial action and engendered a compulsory counterclaim from appellant on those custody issues. *Cf. Rodgers v. Rodgers,* 627 P.2d 1381, 1383–84 (Wyo.1981).

Appellant raises a number of other points in his brief. It is not necessary for us to discuss them, as they either are raised for the first time on appeal or are not supported by cogent argument or persuasive legal authority. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* 664 P.2d 121 (Wyo.1983); *Johnston v. Conoco, Inc.,* 758 P.2d 566 (Wyo.1988).

Accordingly, the judgment of the trial court is affirmed.