Chester L. BIRD, Appellant (Plaintiff),

v.

Steven ROZIER, in his official capacity and individually, and Monty Trenary, in his official capacity and individually, Appellees (Defendants).

No. 95–232.

Supreme Court of Wyoming.

Dec. 3, 1997.

Chester L. Bird, pro se.

Hugh Kenny, Senior Assistant Attorney General, and Joanna J. Shaff, Law Student/Extern, for Rozier and Trenary in their individual capacities; Ann M. Rochelle of Williams, Porter, Day & Neville, Casper, for Rozier in his official capacity; and Judith Studer and Kathleen J. Doyle of Schwartz, Bon, Walker & Studer, Casper, for Trenary in his official capacity.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Chester L. Bird, appellant, filed a civil complaint against Kathy Heppner, who allegedly deposited his paycheck into her account without his permission, as well as Officer Steven Rozier and Deputy Monty Trenary, whom he alleges breached their duty to investigate Heppner's actions. He sought declaratory relief and compensatory, nominal and punitive damages. The district court dismissed the action for failure to state a claim upon which relief could be granted pursuant to W.R.C.P. 12(b)(6). Bird appeals only the dismissal of the claim against the officers.

We affirm.

Bird, acting pro se, presents the issue as follows:

Was the Sixth Judicial District Court in error when it adopted and entered ¶ 2 of

its Order of Dismissal, upon false statements of facts interposed by the appellees, through their individual capacity counsel; less than an honest representation of pertinent legal authorities by appellees, through their individual capacity counsel; and when the Honorable Dan R. Price II was barred from continued action in the case, upon appellant filing a peremptory disqualification?

In his consolidated reply brief, Bird restates the issues in the following way:

I. The appellees were subject to liability for their refusal and/or failure to investigate Ms. Heppner for forgery.

II. The trial court did improperly consider "evidence" from outside the complaint when granting appellees' motions to dismiss.

III. Appellant's motion for peremptory disqualification as to Judge Price was timely.

### FACTS

Bird alleges in his complaint that on February 23, 1994, Kathy Heppner wrote her personal checking account number on the back of Bird's payroll check and deposited the check into her account. Bird states that Heppner had previously been advised by Julie Bird that she was not to cash Bird's payroll checks, but to send them to him at the Campbell County Detention Center. After Heppner cashed Bird's check on February 23, Julie Bird contacted Officer Steve Rozier of the Gillette Police Department and Deputy Monty Trenary of the Campbell County Sheriff's Office on behalf of Bird to request an investigation of Heppner's conduct. According to Bird, both Rozier and Trenary refused to investigate Heppner on the basis that Bird was a convict and not entitled to enforcement of the law on his behalf.

Bird filed this civil action against Heppner, Rozier and Trenary. Bird claims that Heppner breached her legal and moral duty to act in accordance with his request not to cash his paycheck. He sought from Heppner compensatory damages of $392.05 for replacement of his payroll check, pre- and post-judgment interest, and punitive damages of $1,000. Bird states that the police officers'

failure to investigate rendered them accessories after the fact to Heppner's forgery of his paycheck in violation of W.S. 6–3–602. He claims that the officers had a legal, moral and ethical duty to investigate Heppner's actions, that their failure to investigate and cause Heppner to be prosecuted constituted a conscious and intentional wrongdoing against Bird, that they breached their duties to abide by and to uphold and enforce the laws of Wyoming, and that their conduct was legally and professionally negligent and careless, as well as unconscionable. He sought judgment against the officers as follows:

(a) A Declatory [sic] Order, setting forth that the defendants had the legal, moral and/or ethical duty to abide by or uphold and enforce the laws of the State of Wyoming and that the conduct of the defendants, as set forth herein, violated said legal, moral and/or ethical duty.

\*     \*     \*     \*     \*     \*

(c) Punitive Damages in the amount of one thousand dollars ($1,000.00) from \* \* \* defendant Rozier and defendant Trenary in their individual capacities, each.

(d) Nominal Damages from defendant Rozier and defendant Trenary in the amount of five thousand dollars ($5,000.00) each, in their official capacities.

(e) Costs of this action and such and further relief the Court deems just and finds to be necessary.

Motions to dismiss Bird's complaint were filed on behalf of Rozier in his official capacity, Trenary in his official capacity, Rozier and Trenary in their individual capacities, and Heppner. A hearing was held on July 10, 1995, with all parties present. Pursuant to that hearing, the court filed an Order of Dismissal on July 25, 1995. The court dismissed the claim against Heppner for lack of subject matter jurisdiction because the amount in controversy did not meet the $7,000 jurisdictional threshold requirement for the district court. The court dismissed the claims against Rozier and Trenary with prejudice. The court determined that Bird's complaint did not set forth a justiciable controversy and did not present a fit subject for relief under Wyoming's Declaratory Judg-

ment Act. In addition, the court found the complaint did not set forth a claim upon which relief could be granted because Bird failed to establish that the officers had a duty to investigate Bird's complaint that Heppner converted Bird's personal property to her own use. Bird appeals only that portion of the order which dismisses the claims against Rozier and Trenary in their individual and official capacities (hereinafter appellees).

## DISCUSSION

As a preliminary matter, we address Bird's contention that he timely moved for disqualification of Judge Price, barring Judge Price from taking further action in the case. Parties may peremptorily disqualify a judge by filing a motion within the prescribed time frame. In a multi-judge district (as is the Sixth Judicial District), a plaintiff must file a motion "within five days after the name of the assigned judge has been provided by a representative of the court to counsel for plaintiff by * * * a mailed notice." W.R.C.P. 40.1(b)(1).

The record before us contains a "Notice of Assignment of Judge" stating the case was assigned to Judge Dan R. Price II. The notice was dated and filed May 16, 1995, signed by an administrative assistant of the court, and indicates that a copy was distributed to Bird. Pursuant to Rule 40.1(b)(1), Bird had until May 26, 1995, to file a motion for peremptory disqualification.[1] Bird did not file his motion until June 22, 1995. In that motion, Bird stated that Julie Bird, who personally filed Bird's complaint, was informed that Judge O'Brien was assigned to the case. In addition, Bird asserted that he had no knowledge that Judge Price was acting in the case until he received the Case Management Order on June 15, 1995.[2] On

June 27, 1995, the court issued an order denying Bird's motion as untimely. Bird filed an objection to the denial on July 7, 1995.

A notation in the court file that a representative of the court distributed a notice raises a presumption that the notice was sent and received, absent a finding to the contrary. See Morelli v. Manpower, Inc., 34 Conn.App. 419, 642 A.2d 9, 11 (1994); cf. Employment Sec. Comm'n v. Young, 713 P.2d 198, 200–01 (Wyo.1986) (noting presumption of regularity of acts of public administrative officials and recognizing presumption that delivery of mail matter occurs when it is properly addressed, stamped and mailed). Bird had the burden of rebutting this presumption by producing evidence that he did not receive notice. 2 JOHN W. STRONG, MCCORMICK ON EVIDENCE § 343 (4th ed.1992). This burden is not met by merely claiming in a late motion for peremptory disqualification, unsupported by affidavit or other competent evidence, that he did not know Judge Price was acting in the case until he received the Case Management Order. Welborn–Hosler v. Hosler, 870 S.W.2d 323, 328 (Tex.App.1994).

A sworn affidavit stating that the filing was not received will not automatically overcome the presumption, but such an affidavit will create an issue of fact which must be resolved by the trial court. Camerota v. Kaufman, 666 So.2d 1042, 1045 (Fla.App. 1996). On November 6, 1995, Bird filed a statement from an officer at the Wyoming State Penitentiary indicating that the prison mail logs showed Bird did not receive any legal mail from the state district court from May 16 through May 23, 1995. This evidence, like a sworn affidavit, would have

---

1. W.R.C.P. 6(d) provides that three days shall be added to the prescribed period when notice is served upon a party by mail. In addition, W.R.C.P. 6(a) states that where the time period prescribed is less than eleven days, weekends and legal holidays are excluded when computing the response date. Therefore, Bird had eight days, not counting weekends and holidays, in which to file a motion for peremptory disqualification. May 16 was a Tuesday. By our calculation, Bird had until Friday, May 26 to file the motion.

2. Appellees incorrectly assert that even if Bird's first notification that Judge Price was the assigned judge was the Case Management Order, his motion was still not timely. Assuming the Case Management Order was mailed on the day it was dated, Tuesday, June 13, 1995, Bird's motion must have been filed by Friday, June 23. The motion was actually filed on June 22, 1995.

created an issue of fact to be resolved by the trial court. However, Bird did not present the statement to the trial court, nor make it a part of the record below. Instead, he offered it for the first time as a supplement to the record on appeal. This court, when exercising its appellate jurisdiction, is not the proper forum in which to develop facts. *Gifford v. Casper Neon Sign Co., Inc.*, 618 P.2d 547, 551 (Wyo.1980); W.R.A.P. 1.04(a). Bird did not present any evidence to the trial court, nor did he request a hearing to present evidence in either the motion for disqualification or the objection following denial. Consequently, we hold that Bird did not effectively rebut the presumption that he received the Notice of Assignment and the district court did not err in denying his motion for peremptory disqualification as untimely.

■ We turn, then, to Bird's contention that the district court erred in dismissing his complaint. When reviewing a W.R.C.P. 12(b)(6) dismissal, this court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. *Darrar v. Bourke*, 910 P.2d 572, 575 (Wyo.1996). Dismissal is a drastic remedy and is sparingly granted. *Id.* Nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle him to relief. *Id.* A district court judgment may be affirmed on any proper legal grounds supported by the record. *Del Rossi v. Doenz*, 912 P.2d 1116, 1119 (Wyo.1996).

■ Bird's primary argument is that appellees breached their legal, moral and/or ethical duty to investigate Heppner based on a complaint made by Julie Bird that Heppner deposited Bird's payroll check into Heppner's personal account. Though not clearly expressed in the complaint, Bird's claims are apparently founded on negligence principles.[3] A cause of action founded upon negligence requires the plaintiff to establish that: 1) the defendant owed the plaintiff a duty to conform to a specified standard of care, 2) the defendant breached the duty of care, 3) the

defendant's breach proximately caused injury to the plaintiff, and 4) the injury sustained by the plaintiff is compensable by money damages. *Keehn v. Town of Torrington*, 834 P.2d 112, 115 (Wyo.1992); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 30 (5th ed.1984).

■ In reviewing Bird's complaint, we conclude his negligence claim must fail because Bird does not establish an essential element—that he suffered any actual loss or damage. Bird sought only nominal and punitive damages from appellees.

> Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred. * * * Negligent conduct in itself is not such an interference with the interests of the world at large that there is any right to complain of it, or to be free from it, except in the case of some individual whose interests have suffered.

*Duke v. Housen*, 589 P.2d 334, 341 (Wyo. 1979). Likewise, if a plaintiff has failed to establish his basic cause of action, there is no separate cause of action for punitive damages alone. *Cates v. Barb*, 650 P.2d 1159, 1161 (Wyo.1982). Absent compensatory damages, there is no cause of action at all and nothing to support an award of punitive damages. *Id.* Because Bird failed to allege compensatory damages, we need not reach the question of whether appellees owed any legal duty of care to Bird.

■ Bird also requested a declaratory order setting forth that appellees had a legal, moral and/or ethical duty to abide by or uphold and enforce the laws of Wyoming and that they violated their duty. The Uniform Declaratory Judgments Act authorizes Wyoming courts to declare the rights, status or other legal relations of parties. W.S. 1–37–101 et seq. (1988). The court may refuse to render a declaratory judgment where the judgment would not terminate the uncertainty or controversy at issue. W.S. 1–37–108. Because the court has the discretion to deny declaratory relief where it would not be ef-

---

3. Although Bird's complaint alleges that appellees' conduct was intentional, wanton, malicious and illegal, we are unable to discern from the complaint a legally cognizable claim for any intentional tort recognized in Wyoming. Therefore, we do not address those allegations further.

fective or would be inappropriate, a declaratory judgment is generally not available with respect to allegations of past negligence and damage. 22A Am.Jur.2d *Declaratory Judgments* § 66 (1988). Similarly, a declaratory judgment cannot be employed as a device to enforce criminal statutes through the direct action of private parties. *Id.* § 67. If it appears from the face of the complaint that no justiciable controversy is present; dismissal is proper. *See Anderson v. Wyoming Dev. Co.,* 60 Wyo. 417, 466–67, 154 P.2d 318, 337 (1944).

█ Here, on the facts stated in Bird's complaint, no case is made showing that Bird is entitled to declaratory relief. Giving or refusing the relief requested in his complaint—a declaration that appellees violated a legal duty to abide by the law, enforce the law, or uphold the law—would have no effect upon the rights, status or legal relationship of Bird and appellees. Compare *Wyoming Nat'l Abortion Rights Action League v. Karpan,* 881 P.2d 281, 285 (Wyo.1994), where granting or denying the requested relief—placement of initiative on ballot—would effectively end the factual dispute between the parties. *See also Taylor v. Tinsley,* 138 Colo. 182, 330 P.2d 954, 955 (1958) (court not required to adjudicate with respect to administrative orders absent showing that a judgment, if entered, would afford plaintiff present relief). In this case, a judgment would have no practical effect on the litigants and would serve no useful purpose. *See Reiman Corp. v. City of Cheyenne,* 838 P.2d 1182, 1187 (Wyo.1992). No justiciable controversy was presented to the district court, and the court did not err in so finding.

### CONCLUSION

Based on the record before it, we hold the district court did not err in denying Bird's request for a peremptory disqualification of the judge as untimely. Consequently, Judge Price had jurisdiction to proceed. Bird's negligence claim against the officers fails because he alleged no compensatory damages. Nor is a declaratory judgment an appropriate measure in this case because there is no justiciable controversy. Because Bird's complaint fails to state a claim upon which relief

can be granted, the district court's Order of Dismissal is affirmed.

THOMAS, Justice, concurring specially, with whom MACY, Justice, joins.

This appeal must be dismissed, and the district court's order should be vacated for lack of subject matter jurisdiction. I am concerned because of the silence of the majority opinion with respect to the jurisdictional amount. That silence could lead to a legal inference that the claims against the officer defendants could be aggregated to achieve the requisite amount in controversy to establish jurisdiction in the district court. My investigation persuades me that the claim against each of the police officers would have to exceed $7,000 in order for the district court to be vested with jurisdiction. I am also satisfied that there is an additional reason for concluding that Bird's pleading fails to state a claim.

Bird alleges in his Complaint:

2. This Court has jurisdiction over this matter pursuant to Article 5, § 10, of the State of Wyoming Constitution and the Wyoming Rules of Civil Procedure, and the Plaintiff has made a claim unto both defendant Rozier's and defendant Trenary's respective employers, as is required by W.S. § 1–39–101 et seq., and said claims were denied.

In *Amrein v. Wyoming Livestock Bd.,* 851 P.2d 769, 771–72 (Wyo.1993) (emphasis added), we said:

In this instance, Amrein alleged the filing of the claim, but we expand upon the rule articulated in *Bell* [*Board of Trustees of University of Wyoming v. Bell,* 662 P.2d 410 (Wyo.1983) ] and now **hold that, in order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the "alleged act, error or omission" or, alternatively, the statutory ground for the late discovery of the "alleged act, error or omission." Since Amrein failed to make this allegation, the complaint was subject to dismissal for failure to allege the jurisdiction of the court with**

specificity. We recognize dismissal is within the discretion of the trial court, and it would generally be appropriate to enter that dismissal without prejudice. *Boller v. Key Bank of Wyoming,* 829 P.2d 260 (Wyo. 1992); *Johnson v. Aetna Casualty and Sur. Co. of Hartford, Connecticut,* 608 P.2d 1299 (Wyo.1980), *appeal dismissed, cert. denied,* 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981), *reh'g denied,* 455 U.S. 1039, 102 S.Ct. 1743, 72 L.Ed.2d 157 (1982); *Breazeale v. Radich,* 500 P.2d 74 (Wyo.1972). In this case, it appears from the file that it would be impossible for Amrein to present the requisite allegations and, consequently, we affirm the order of dismissal as to Dr. Swanson.

The allegation in Bird's Complaint is insufficient under *Amrein.*

In the Answer of Steve Rozier in His Official Capacity (emphasis added) it is alleged:

2. To the extent that Paragraph No. 2 of Plaintiff's Complaint calls for legal conclusion, all allegations therein are denied. Defendant Rozier in his official capacity **denies that there has been compliance with Wyoming Governmental Claims Act.** All other allegations in Paragraph No. 2 of Plaintiff's Complaint are denied.

As an affirmative defense the same pleading alleges:

3. There has been no compliance with the Wyoming Governmental's [sic] Claims Act.

In the Answer of Defendants Steven Rozier and Monty Trenary, Individually, it is alleged:

2. These answering defendants have insufficient information to admit or deny the allegations of paragraph 2 and therefore deny the same.

In the Answer of Monty Trenary in His Official Capacity, it is alleged:

2. Inasmuch as Paragraph No. 2 calls for legal conclusion, the allegations contained therein are denied. All other averments expressed or implied contained within Paragraph No. 2 of the Plaintiff's Complaint are also denied.

*   *   *   *   *   *

*AFFIRMATIVE DEFENSES*

*   *   *   *   *   *

4. The Plaintiff has failed to comply with the Wyoming Government [sic] Claims Act; therefore, this claim is barred.

In the Motion to Dismiss filed on behalf of Steve Rozier, one of the grounds stated is:

3. The Complaint fails to state a claim for relief pursuant to W.S. § 1–39–101 *et seq.*

The claims, if there were any, are not included in the Record on Appeal. Other than the quotations above, the matter of the filing of claims in order to invoke the jurisdiction of the district court is not addressed in the Record on Appeal. The appeal should be dismissed and the order of the district court vacated because the failure to properly allege the timely filing of any claim deprives the trial court of jurisdiction.

As a further ground for dismissal, I note that our statute provides:

(a) Each county court has exclusive original civil jurisdiction within the boundaries of the state for:

(i) An action where the prayer for recovery is an amount not exceeding seven thousand dollars ($7,000.00), exclusive of court costs; * * *

WYO. STAT. § 5–5–131(a) (1992). The effect of this statute is to deprive the district court of jurisdiction over such claims. *Joslyn v. Professional Realty,* 622 P.2d 1369, 1373 (Wyo.1981). *See Daulton v. Daulton,* 774 P.2d 635 (Wyo.1989).

In pertinent part, the relief sought by Bird is described by him in his Complaint:

WHEREFORE, Plaintiff, Chester L. Bird, prays for and otherwise demands judgment against the defendants, jointly, severally and in their official and individual capacities, as follows:

*   *   *   *   *   *

(b). Compensatory Damages in the amount of three hundred and ninty-two [sic] dollars and five cents ($392.05) from defendant Heppner for replacement of the Plaintiff's payroll check, plus 1½ % per

month in prejudgment interest and 1½ % per month in postjudgment interest.

(c). Punitive Damages in the amount of one thousand dollars ($1,000.00) from defendant Heppner, defendant Rozier and defendant Trenary in their individual capacities, each.

(d). Nominal Damages from defendant Rozier and defendant Trenary in the amount of five thousand dollars ($5,000.00) each, in their official capacities. * * *

None of the parties raised the question of subject matter jurisdiction, but this Court has the right to consider the question of jurisdiction on its own motion. *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769 (Wyo. 1993); *Kurpjuweit v. Northwestern Development Co., Inc.*, 708 P.2d 39 (Wyo.1985); *Hayes v. State*, 599 P.2d 569 (Wyo.1979); *Jackson v. State*, 547 P.2d 1203 (Wyo.1976); *Wyoming State Treasurer ex rel. Workmen's Compensation Dept. v. Niezwaag*, 444 P.2d 327 (Wyo.1968); *Big Horn Coal Co. v. Sheridan–Wyoming Coal Co.*, 67 Wyo. 300, 224 P.2d 172 (1950). Indeed, we have a duty to do so. *Niezwaag; Big Horn Coal Co.*

I turn to federal cases for authority that I find eminently persuasive in this instance. In cases brought in the federal courts based upon diversity of citizenship between the parties, the statute provides, with respect to the jurisdictional amount:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ——

(1) citizens of different States; * * *

28 U.S.C. § 1332 (1994). At various times the jurisdictional amount has been $3,000 and $10,000, but almost without exception the federal courts have ruled that, in the absence of joint liability, claims against several defendants cannot be aggregated to achieve the minimum jurisdictional amount. *Davis v. Schwartz*, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289 (1895); *Walter v. Northeastern R. Co.*, 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206 (1893); *Libby, McNeill, and Libby v. City Nat. Bank*, 592 F.2d 504 (9th Cir.1978); *U.S. v. Southern Pac. Transp. Co.*, 543 F.2d 676, 683 n. 9 (9th Cir.1976); *Motorists Mut. Ins.*

*Co. v. Simpson*, 404 F.2d 511 (7th Cir.1968), *cert. den.* 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763 (1969); *Oikarinen v. Alexian Bros.*, 342 F.2d 155 (3rd Cir.1965); *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11 (5th Cir.1961); *Reason v. General Motors Corp.*, 896 F.Supp. 829 (S.D.Ind.1995); *North American Mechanical Services Corp. v. Hubert*, 859 F.Supp. 1186 (C.D.Ill.1994); *Crouch v. Atlas Van Lines, Inc.*, 834 F.Supp. 596 (N.D.N.Y.1993); *Corporate Resources, Inc. v. Southeast Suburban Ambulatory Surgical Center, Inc.*, 774 F.Supp. 503 (N.D.Ill.1991); *Hatcher v. Emergency Medical Specialty Services, Inc.*, 643 F.Supp. 1124 (D.N.J.1986); *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F.Supp. 249 (M.D.La.1981); *Welker v. Metropolitan Life Ins. Co.*, 502 F.Supp. 268 (C.D.Cal.1980); *Payne v. Volkswagon (sic) of America, Inc.*, 70 F.R.D. 565 (W.D.Okla. 1976); *Uniroyal, Inc. v. Heller*, 65 F.R.D. 83 (S.D.N.Y.1974); *United Bonding Ins. Co. v. Parke*, 293 F.Supp. 1350 (E.D.Mo.1968); *Fratto v. Northern Ins. Co. of New York*, 242 F.Supp. 262 (W.D.Pa.1965), *aff'd on other grounds sub nom, Fratto v. New Amsterdam Fire Ins. Co.*, 359 F.2d 842 (3rd Cir.1966); *Smith v. Abbate*, 201 F.Supp. 105 (S.D.N.Y. 1961); *Bree v. Mutual Ben. Health and Acc. Ass'n*, 182 F.Supp. 181 (E.D.Pa.1959); *Whitford v. Boston Ins. Co.*, 163 F.Supp. 819 (E.D.Ill.1958); *Calvert Distillers Corp. v. Rosen*, 115 F.Supp. 146 (N.D.Ill.1953); *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974 (C.C.A.6 1945). One state court has arrived at a similar conclusion. *Crane v. Fulton*, 270 N.W.2d 601 (Iowa 1978).

Bird pleaded an intentional wrong with respect to Rozier and Trenary in their individual capacities. Nothing in the Complaint suggests any joint activity by them or any agency relationship. Rozier was a police officer employed by the City of Gillette, and Trenary was a deputy sheriff employed by the Sheriff of Campbell County. While Bird asserts joint and several liability of the two officers, no fact is alleged that would serve to make either of them responsible for the conduct of the other. Under the federal rule set forth above, it would not be possible to aggregate the damages of $5,000 plus the punitive damages of $1,000 pleaded as to each of

them so as to go beyond the $7,000 level as to which the county court has exclusive jurisdiction.

I would remand this case to the district court with instruction that it must be dismissed because exclusive jurisdiction over Bird's claims as to each of the defendants is assigned to the county court.