# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 37

OCTOBER TERM, A.D. 2020

February 26, 2021

BJ,

Appellant
(Petitioner),

v.                                                                          S-20-0143

KM and CM,

Appellees
(Respondents).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
Tracy L. Zubrod, Joshua W. Case, and Cameron M. Smith, Student Intern, Zubrod Law Office, P.C., Cheyenne, Wyoming. Argument by Mr. Smith.

*Representing Appellee KM:*
Benjamin J. Sherman and Boyd O. Wiggam, Olsen Legal Group, LLC, Cheyenne, Wyoming. Argument by Mr. Sherman.

*Representing Appellee CM:*
Linda J. Steiner, Abigail E. Fournier, and Joanne S. Zook, Steiner, Fournier & Zook, LLC, Cheyenne, Wyoming. Argument by Ms. Fournier.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    KM (Mother) gave birth to ALM while married to CM (ALM's presumed father). Another man, BJ, claimed to be ALM's father and filed a Petition to Establish Paternity. The district court held BJ lacked standing to bring the action and dismissed his petition. BJ appealed.  We reverse.

### *ISSUE*

[¶2]    Does a man claiming to be the biological father of a child have standing to bring a paternity action when the child has a legally presumed father?

### *FACTS*

[¶3]    Around 2008, Mother married CM.  Later, the two of them entered into an open relationship with BJ and his wife.  On August 11, 2018, Mother messaged BJ's wife stating that she was pregnant, and it was possible that BJ was the child's biological father.  Mother gave birth to ALM in 2019 while married to CM.  On May 21, 2019, BJ filed a Petition to Establish Paternity, Custody, Visitation, [and] Child Support.  Mother filed a motion to dismiss for failure to state a claim because ALM has a presumed father. The district court issued an order joining the presumed father, CM, as a necessary party and set a hearing on the motion to dismiss.  Following the hearing, the district court concluded that BJ lacked standing under Wyo. Stat. Ann. § 14-2-802 and dismissed his petition.  BJ appealed.

### *STANDARD OF REVIEW*

[¶4]    "Our review of a motion to dismiss, whether under W.R.C.P. 12(b)(6) or 12(b)(1), is de novo." *Allred v. Bebout*, 2018 WY 8, ¶ 29, 409 P.3d 260, 268 (Wyo. 2018).  "[W]e employ the same standards and examine the same materials as the district court: we accept the facts alleged in the complaint or petition as true and view them in the light most favorable to the non-moving party." *Moose Hollow Holdings, LLC v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2017 WY 74, ¶ 20, 396 P.3d 1027, 1033 (Wyo. 2017) (quoting *Guy v. Lampert*, 2015 WY 148, ¶ 12, 362 P.3d 331, 335 (Wyo. 2015)).  Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief.  *Dowlin v. Dowlin*, 2007 WY 114, ¶ 6, 162 P.3d 1202, 1204 (Wyo. 2007); *Ecosystem Res., L.C. v. Broadbent Land & Res., L.L.C.*, 2007 WY 87, ¶ 8, 158 P.3d 685, 687 (Wyo. 2007); W.R.C.P. 12(b)(6).

[¶5]    "The existence of standing is a question of justiciability that we review de novo." *Bird v. Lampert*, 2019 WY 56, ¶ 7, 441 P.3d 850, 853–54 (Wyo. 2019) (citing *Matter of Adoption of L-MHB*, 2018 WY 140, ¶ 24, 431 P.3d 560, 568 (Wyo. 2018)).  Statutory interpretation is also a question of law reviewed de novo.  *Matter of Paternity of AAAE*,

2020 WY 117, ¶ 16, 471 P.3d 990, 994 (Wyo. 2020) (citing *DNW v. State, Dep't of Family Servs.*, 2007 WY 54, ¶ 8, 154 P.3d 990, 992 (Wyo. 2007)); *see also Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015).

## *DISCUSSION*

[¶6]   BJ argues that the district court erred in dismissing his Petition to Establish Paternity.  He contends he has standing under the plain language of Wyo. Stat. Ann. § 14-2-802(a)(iii).  Both CM and Mother dispute this claim.  CM contends Wyo. Stat. Ann. § 14-2-802(a)(iii) only grants standing to an individual who is a presumed, acknowledged, or adjudicated father.  BJ is an alleged father.  Mother argues BJ lacks standing because ALM has a presumed father and, as a stranger to the relationship, BJ cannot rebut CM's status under Wyo. Stat. Ann. § 14-2-807.[1]

## A.   Analysis

### 1.  Statutory Construction

[¶7]   At issue here is the meaning and interaction of two statutes in the Wyoming Parentage Act—Wyo. Stat. Ann. § 14-2-802 as qualified by Wyo. Stat. Ann. § 14-2-807.  In 1977, the Wyoming Legislature adopted the Uniform Parentage Act of 1973 in derogation of the common law.  *Matter of TRG*, 665 P.2d 491, 497 (Wyo. 1983); *Vigil v. Tafoya*, 600 P.2d 721, 723 (Wyo. 1979).  Prior to Wyoming's adoption of the Uniform Parentage Act, an action for paternity was governed by common law.  Under common law, "a biological father could not bring an action for paternity." *A v. X, Y, & Z*, 641 P.2d 1222, 1222 (Wyo. 1982) (citing *Blanton v. Warn*, 444 P.2d 325 (Wyo. 1968)).

[¶8]   The Uniform Parentage Act of 2000, later amended in 2002, replaced the Uniform Parentage Act of 1973.  *In re Parentage of Calcaterra*, 56 P.3d 1003, 1004 n.1 (Wash. Ct. App. 2002).  The Wyoming Legislature substantially followed the 2002 Uniform Parentage Act when it enacted the Wyoming Parentage Act in 2003.  Act of July 1, 2003, ch. 93, 2003 Wyo. Laws 206; Tonya A. Morse, *An Overview of the New Wyoming Parentage Act*: *Changes to Title 14*, Wyo. Law., Dec. 2003, at 26, 35.  The Wyoming Parentage Act is the exclusive means for a biological father to adjudicate paternity in this state.  *AAAE*, ¶ 17, 471 P.3d at 995.

[¶9]   If BJ has standing to bring this action, his standing must be found in the Wyoming Parentage Act.  To interpret whether the statute grants BJ standing, we employ our well-known canons of statutory construction.  First, the Court must determine whether Wyo.

---

[1] The parties make various other arguments as to the construction of Wyo. Stat. Ann. § 14-2-802 that we do not specifically address as our decision is dispositive of those arguments.

Stat. Ann. §§ 14-2-802 and 14-2-807 are clear or whether they are ambiguous. *Wyodak Res. Dev. Corp. v. Wyoming Dep't of Revenue*, 2017 WY 6, ¶ 25, 387 P.3d 725, 732 (Wyo. 2017) (citing *Lance Oil & Gas Co. v. Wyoming Dep't of Revenue*, 2004 WY 156, ¶ 4, 101 P.3d 899, 901 (Wyo. 2004)). "A 'statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistence and predictability.'" *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n*, 845 P.2d 1040, 1043 (Wyo. 1993) (quoting *Allied-Signal, Inc. v. Wyoming State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo. 1991)). However, "[a] statute is ambiguous if it is vague or uncertain and susceptible to more than one reasonable interpretation." *Wyodak*, ¶ 27, 387 P.3d at 732 (citing *RME Petroleum Co. v. Wyoming Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo. 2007)). To discern whether a statute is clear or ambiguous, the Court examines "the plain and ordinary meaning of the words." *Id.* ¶ 25, 387 P.3d at 732 (quoting *RME*, ¶ 25, 150 P.3d at 683). The Court "give[s] effect to each word, clause and sentence chosen by the legislature, and construe[s] them *in pari materia*." *Id.* ¶ 26, 387 P.3d at 732 (citing *Pedro/Aspen, Ltd. v. Bd. of Cnty. Comm'rs for Natrona Cnty.*, 2004 WY 84, ¶ 27, 94 P.3d 412, 420 (Wyo. 2004)). "If the statutory language is sufficiently clear and unambiguous, the Court simply applies the words according to their ordinary and obvious meaning." *Id.* ¶ 26, 387 P.3d at 732 (quoting *In re CRA*, 2016 WY 24, ¶ 16, 368 P.3d 294, 298 (Wyo. 2016)). Once a statute is determined to be clear and unambiguous, "there is no room for construction, and a court may not look for and impose another meaning." *Adekale*, ¶ 12, 344 P.3d at 765 (citing *Crain v. State*, 2009 WY 128, ¶ 8, 218 P.3d 934, 938 (Wyo. 2009)). We address each statute separately.

## 2. Standing Under Wyo. Stat. Ann. § 14-2-802

[¶10] Wyo. Stat. Ann. § 14-2-802(a) identifies who has standing to bring an action to adjudicate parentage. The statute states:

> (a)  Subject to article 5 of this act and W.S. 14-2-807 and 14-2-809, a proceeding to adjudicate parentage may be maintained by:
>
> (i)  The child;
>
> (ii)  The mother of the child;
>
> (iii)  *A man whose paternity of the child is to be adjudicated*;
>
> (iv)  The child support enforcement agency;

3

(v)     An authorized adoption agency or licensed child-placing agency; or

(vi)     A representative authorized by law to act for an individual who would otherwise be entitled to maintain a proceeding but who is deceased, incapacitated or a minor.

Wyo. Stat. Ann. § 14-2-802(a)(i)–(vi) (LexisNexis 2019) (emphasis added).  Here, the Court is concerned with the meaning of "[a] man whose paternity of the child is to be adjudicated."  Wyo. Stat. Ann. § 14-2-802(a)(iii).[2]

[¶11]  We begin by examining the plain and ordinary meaning of the words in Wyo. Stat. Ann. § 14-2-802(a)(iii) to determine if its language is clear or ambiguous.  *See Wyodak*, ¶ 25, 387 P.3d at 732.  Two of these words are expressly defined within the Wyoming Parentage Act.  The word "man" is defined as "a male individual of any age[.]"  Wyo. Stat. Ann. § 14-2-402(a)(xi).  "Child" is defined as "an individual of any age whose parentage may be determined . . . ."  Wyo. Stat. Ann. § 14-2-402(a)(v).  The words "paternity" and "adjudication" are not defined in the Wyoming Parentage Act, but both words have an ordinary meaning.  Black's Law Dictionary defines "paternity" as "[t]he quality, state, or condition of being a father, esp[ecially] a biological one; fatherhood." *Paternity*, *Black's Law Dictionary* (11th ed. 2019).  It defines "adjudication" as "[t]he legal process of resolving a dispute . . . ."  *Adjudication*, *Black's Law Dictionary* (11th ed. 2019).  Using these definitions, the language "[a] man whose paternity of the child is to be adjudicated" confers standing to a male individual of any age who petitions a court to determine whether or not he is the father of a child.

[¶12]  The language in Wyo. Stat. Ann. § 14-2-802(a)(iii) is clear and unambiguous.  BJ qualifies as "[a] man whose paternity of the child is to be adjudicated."  Wyo. Stat. Ann. § 14-2-802(a)(iii).  He has standing under the plain meaning of the statute.

### 3.  Wyo. Stat. Ann. § 14-2-807 Is Solely a Statute of Limitations

[¶13]  CM and Mother maintain that Wyo. Stat. Ann. § 14-2-807 restricts an alleged father's standing under Wyo. Stat. Ann. § 14-2-802(a)(iii) where a child has a presumed

---

[2] Wyo. Stat. Ann. § 14-2-802(a)(iii) is identical to Unif. Parentage Act § 602(3).  *Compare* Wyo. Stat. Ann. § 14-2-802(a)(iii) *with* Unif. Parentage Act § 602(3), 9B U.L.A. 203 (2002) (showing both statutes have the same provision granting standing to "a man whose paternity of the child is to be adjudicated"). The comments under Unif. Parentage Act § 602 explain that this section "grants standing to a broad range of individuals . . . to bring a parentage proceeding."  Unif. Parentage Act § 602 cmt., 9B U.L.A. 203 (2002).

father.[3]  Mother argues Wyo. Stat. Ann. § 14-2-807 bars BJ's petition.  She claims policy considerations lead to the conclusion that the Wyoming Legislature did not intend to allow a third party to force a married couple to defend a paternity proceeding during the first five years of the child's life.  *See, e.g.*, Jayna Morse Cacioppo, *Voluntary Acknowledgments of Paternity: Should Biology Play a Role in Determining Who Can Be a Legal Father?*, 38 Ind. L. Rev. 479 (2005).  CM contends Wyo. Stat. Ann. § 14-2-802 does not apply when a child has a presumed father unless the conditions of Wyo. Stat. Ann. § 14-2-807(b)—no sexual intercourse between presumed father and mother during probable time of conception; and presumed father never openly holding child out as his own—have been met.

[¶14]  The provisions of Wyo. Stat. Ann. § 14-2-802(a) are "[s]ubject to article 5 of this act and W.S. 14-2-807 and 14-2-809."[4]  In turn, Wyo. Stat. Ann. § 14-2-807 provides:

> (a)     Except as otherwise provided in subsection (b) of this section, a proceeding brought by a presumed father, the mother, *or another individual* to adjudicate the parentage of a child having a presumed father shall be commenced within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five (5) years after the child's birth.

---

[3] Wyo. Stat. Ann. § 14-2-504 establishes who qualifies as a presumed father.  Wyo. Stat. Ann. § 14-2-504 states: "[a] man is presumed to be the father of a child if: [h]e and the mother of the child are married to each other and the child is born during the marriage[.]"  Wyo. Stat. Ann. § 14-2-504(a)(i).  Because Mother and CM are married and ALM was born during their marriage, CM is the presumed father.

[4] Wyo. Stat. Ann. § 14-2-809 establishes time limitations for a biological father to bring a paternity action where a child has an acknowledged or adjudicated father.  It states:

> (a)     If a child has an acknowledged father, a signatory to the acknowledgment of paternity or denial of paternity may commence a proceeding seeking to rescind the acknowledgement or denial or challenge the paternity of the child only within the time allowed under W.S. 14-2-607 or 14-2-608.
> (b)     If a child has an acknowledged father or an adjudicated father, an individual, other than the child, who is neither a signatory to the acknowledgment of paternity nor a party to the adjudication and who seeks an adjudication of paternity of the child shall commence a proceeding not later than two (2) years after the effective date of the acknowledgment or adjudication.
> (c)     A proceeding under this section is subject to the application of the principles of estoppel established under W.S. 14-2-808.

Wyo. Stat. Ann. § 14-2-809 (LexisNexis 2019).  This statute does not apply here where there is no acknowledged or adjudicated father.

(b)     A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determined that:

(i)     The presumed father and the mother of the child neither cohabitated nor engaged in sexual intercourse with each other during the probable time of conception; and

(ii)     The presumed father never openly held out the child as his own.

Wyo. Stat. Ann. § 14-2-807 (LexisNexis 2019) (emphasis added). It is uncontested that BJ timely brought this action under the statute.

[¶15]   Here, as with Wyo. Stat. Ann. § 14-2-802, we must first determine whether Wyo. Stat. Ann. § 14-2-807 is clear or ambiguous. *Wyodak*, ¶ 25, 387 P.3d at 732 (citing *Lance*, ¶ 4, 101 P.3d at 901). If a statute is clear and unambiguous, we give effect to the plain language of the statute. *Wyoming Dep't of Transp. v. Haglund*, 982 P.2d 699, 701 (Wyo. 1999); *State ex rel. Wyoming Dep't of Revenue v. Union Pac. R.R. Co.*, 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo. 2003).

[¶16]   Wyo. Stat. Ann. § 14-2-807 provides in subsection (a) that "a presumed father, the mother, or another individual" shall bring an action to adjudicate parentage no "later than five (5) years after the child's birth." Wyo. Stat. Ann. § 14-2-807(a). Subsection (b) provides for an unlimited time in which to disprove the father-child relationship if the petitioner can establish "[t]he presumed father and the mother of the child neither cohabitated nor engaged in sexual intercourse with each other during the probable time of conception; and [t]he presumed father never openly held out the child as his own." Wyo. Stat. Ann. § 14-2-807(b). "A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Sinclair Oil v. Wyoming Dep't of Revenue*, 2010 WY 122, ¶ 7, 238 P.3d 568, 570–71 (Wyo. 2010) (quoting *BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 20, 130 P.3d 438, 464 (Wyo. 2006)). The statute is clear. Subsection (a) establishes a five-year limitation to rebut a presumption of paternity. The mother, the presumed father, or a third party may challenge the presumption of paternity during this five-year period. If more than five years have elapsed, the presumption cannot be challenged by any of those individuals unless the conditions in subsection (b) have been met. *See* Unif. Parentage Act § 607 cmt., 9B U.L.A. 209 (2002). The plain language of Wyo. Stat. Ann. § 14-2-807 addresses the *time* in which an action to establish paternity must be brought if a child has a presumed father. It contains no language altering the standing provisions of Wyo. Stat. Ann. § 14-2-802.

[¶17] Mother's policy arguments do not overcome the clear and unambiguous language of Wyo. Stat. Ann. § 14-2-807. *Lon V. Smith Found. v. Devon Energy Corp.*, 2017 WY 121, ¶ 54, 403 P.3d 997, 1013 (Wyo. 2017) (stating if the statutory language is clear and unambiguous, the Court does "not resort to an examination of policy" (citing *In re Estate of Meyer*, 2016 WY 6, ¶ 21, 367 P.3d 629, 636 (Wyo. 2016))). CM's argument that Wyo. Stat. Ann. § 14-2-807(b) renders Wyo. Stat. Ann. § 14-2-802 inapplicable when *without regard to time*, a child has a presumed father and the conditions of Wyo. Stat. Ann. § 807(b) are not met is unavailing. Wyo. Stat. Ann. § 14-2-807 does not modify the standing provisions of Wyo. Stat. Ann. § 14-2-802. Wyo. Stat. Ann. § 14-2-807 is an unambiguous statute of limitations. It governs *when* an action to establish paternity may be brought, not *who* may bring an action.

## *CONCLUSION*

[¶18] Wyo. Stat. Ann. §§ 14-2-802 and 14-2-807 are clear and unambiguous. Wyo. Stat. Ann. § 14-2-807 is a statute of limitations and does not otherwise modify the standing granted in Wyo. Stat. Ann. § 14-2-802. BJ is "[a] man whose paternity of the child is to be adjudicated" under Wyo. Stat. Ann. § 14-2-802(a)(iii). As a result, BJ has standing to bring his Petition to Establish Paternity though another man is legally presumed to be the child's father. The district court erred in dismissing his petition.

[¶19] We reverse and remand for proceedings consistent with this opinion.